## J. H. SUTTON *v.* P. J. NEVIN.

**Tax Title — Sale Under Abatement Act of 1875 — Irregularities Cured.**
Sales under the Abatement Act are not dependent for their validity on the regularity of the assessment of 1871 nor the action of the boards of supervisors in approving the assessment roll and it cured all irregularities and defects, and the fact that there was no legal levy of the taxes for the year for which the land was sold, nor the fact that the assessment roll was not approved on the day required by law, will not invalidate the sale.[1]

**Same — Assessment Roll — Approval Thereof.**
A sale for taxes is not void because the board of supervisors did not approve the assessment roll on the day required by law.

**Same — Bill to Cancel Tax Title — Tender — Act of 1878, Section 42.**
Under the provisions of the Act of 1878, section 42, a bill to cancel a tax title on the ground that the taxes for which the sale was made was excessive, must show a tender of what taxes were due.

The original bill in this case was filed by P. J. Nevin, against J. H. Sutton. It charges that the land in controversy was purchased from the United States, in 1859, by Mrs. Cathcrine Leland, and she conveyed it to complainant in 1881; that Sutton asserts title and claim to the land under two tax titles, one-half

---

[1]
See cases cited in Outlaw *v.* Mayo, 1 Miss. Dec. 423, notes.

Although the Act of 1878 (Laws, p. 23) declares that a tax title shall not be assailed, except by proof of payment or tender of the legal taxes, such title may be invalidated by proof that the assessment roll was never approved by the board of supervisors. Davis *v.* Vanarsdale, 59 Miss. 367.

The said Act of 1878 contemplates the approval of an assessment roll by the board of supervisors at the regular meeting in August, but its approval at a subsequent meeting authorized by law and before the levy of county taxes, is sufficient. Wolfe *v.* Murphy, 60 Miss. 1; Mills *v.* Scott, 62 Miss. 525.

And the failure of the board of supervisors to remain in session from day to day to hear objections and equalize assessments, as required by the Act of 1878 (Laws, p. 23), will not render an assessment roll received and approved, illegal, where sufficient time is given for hearing objections and making corrections, and the roll is subsequently approved. Wolfe *v.* Murphy, 60 Miss. 1.

The act (abatement) cured irregularities arising from the non-performance or irregular performance of any act which the Legislature might constitution-

of the land in each; that part of the land was sold to the State under the Abatement Act, in May, 1875, and the State sold it to Sutton in 1876. The other part of the land was sold for taxes in March 1, 1880, for the taxes of 1879, and sold to Sutton.

The bill charges that the sale under the Abatement Act is void: First—Because there was no legal levy for the year 1870. Second—Because the sale for taxes was not made at the time provided by law and the assessment roll was not presented and approved at the time provided by law.

The sale made in March, 1880, is alleged to be void, because: First—The taxes for which the sale was made were excessive. Second—The board of supervisors did not approve the assessment roll at the right time.

Complainants afterwards filed an amended bill; he assails the tax title of Sutton for the same reasons as in the original bill; it further sets out that the deed from Mrs. Leland to himself, made an exhibit to the original bill, was defective by mistake; that the deed was prepared by Mrs. Leland, but by oversight and mistake of the draftsman, a description of the land intended to be conveyed was not set forth in the deed, but it was her intention to convey the land described in the bill; that the defective deed was duly recorded; that the original bill was filed and defendant Sutton was

ally dispense with beforehand, and since no constitutional provision connects the board of supervisors with the assessment of property for taxation, or the collection of taxes, land held by the State, under a tax sale made in 1871, and defective because of the failure of the board to meet at the time and place required by law to receive the roll and hear objections, the owner having failed to make any objection to the assessment, as required by section 1684, Code 1871, was properly sold under the Abatement Act, which cured such defect, and in this respect the act is constitutional. Cato v. Gordon, 62 Miss. 373.

If the owner of land previously sold to the State, and embraced within the provisions of the Abatement Act of 1875, neither paid the taxes nor questioned the State's claim to sell for taxes, but remained silent, it is too late, after the sale under that act, to question the irregularity or legality of the prior proceedings. The title thereafter depended alone upon conformity with that act. Cata v. Gordon, 62 Miss. 373.

Under Act of 1877 (Laws, p. 2, Code 1880, § 525; Code 1892, § 3817; Code 1906, § 4322), a tax title is not invalid because the levy exceeded the limit prescribed, unless the taxpayer, before sale, tendered the true amount due Carter v. Hadley, 59 Miss. 130; Corburn v. Crittenden, 62 Miss. 125; Gibbs v. Dorch, 62 Miss. 671.

cited to defend it, and he employed R. H. Thompson as counsel to defend it for him, and he made an examination of the original bill and exhibits and discovered the defect, and that he, Thompson, in July, 1881, procured a conveyance from Mrs. Leland to himself and then conveyed it to his client Sutton; that both Sutton and Thompson knew of complainant's claim to the land, and that Mrs. Leland had intended to convey it to him. The prayer is for the cancellation of Sutton's titles. Both Mrs. Leland and Thompson were made parties defendant to the amended bill.

All the defendants filed general demurrers to the amended bill and assigned the following special causes of demurrer: The amended bill fails to show facts rendering the tax titles under which defendant Sutton holds invalid. Complainant does not show any legal or equitable title to the lands.

The demurrers were overruled and the defendant's answers, but the view taken by the court renders it unnecessary to state the facts of the answer and proof under them. A final decree was rendered reforming the deed from Mrs. Leland to complainant and cancelling the deed from Mrs. Leland to Thompson and from Thompson to Sutton, and the tax deeds under which Sutton held. From that decree defendants appeal.

APPEALED from Chancery Court, Lincoln county, H. S. VAN EATON, Chancellor.

Reversed and remanded, March 19, 1883.

*Attorney for appellant, R. H. Thompson.*

*Attorneys for appellee, Sessions & Cassedy.*

Brief for appellant is not found in the record.

Brief of Sessions & Cassedy:
It will be seen from an inspection of the record in this case that the whole proceeding was commenced and prosecuted to a final determination upon an entirely different theory of the law from that announced in the opinion of this court in the case of Cochran *v.* Baker, not yet reported. The bill, as will be seen, proceeded upon the idea that a sale under the Abatement Act conferred no

better title than that held by the State at the date of the passage of the act, an opinion prevalent among the bar of this section, so far as our information extends, until the announcement of a different view in the case referred to. No such defense was made in the court below, although the general character of the demurrer raises all questions that arise upon the face of the bill, and the case was tried upon its merits upon the assumption that new title was invested in the State by reason of the sale on the 10th of May, 1875, under the Abatement Act.

A reference to the answer of Sutton will show that the only grounds upon which his tax title was sought to be sustained was, first, by upholding the sale made in 1871 for the taxes of 1870; and second, that more than three years had elapsed since the sale in 1871, when it was claimed the State first acquired title. As to the first proposition, it is answered by this court in McGehee *v.* Martin, 53 Miss. 519, the sale being made on the 8th of August, 1871, and this response so made by the court is fatal to the first proposition. The second is answered by the fact that the State, being the purchaser, there was and is no law authorizing a suit against the State to cancel its title. Section 1709 of Code of 1871 could, therefore, have no application to a sale for taxes where the State was the purchaser. Chapter 18 of the Code of 1871, authorizing suits against the State, has reference only to *money demands,* as the various sections plainly show, but more especially does the concluding section (1580) demonstrate this, in providing how a judgment or decree against the State shall be enforced, viz: "by an appropriation made by the Legislature." An appropriation would hardly cancel a deed or remove a cloud.

The fatality of this view to Sutton's case, as made by his answer, is not avoided by the fact that he purchased from the State in 1876, and more than three years elapsed from that purchase to the filing of the bill, as section 1709 of the Code of 1871 was repealed by the Act of April 15, 1876. This section repeals chapter 22 of the Code of 1871 and section 1709 is a part of this chapter, and no such Act of Limitation occurred in the law afterwards until the Code of 1880.

So, upon the theory of both the bill and answer, the case as to the lands sold to the State in 1871 for the taxes of 1870, was correctly decided by the chancellor, and were it not for the case of

Cochran v. Baker, decided after this case had been determined, must be affirmed. If, however, the court adheres to the opinion delivered in that case (which we are constrained to say we believe correct in principle, though misapplied in the construction of the act in question) it will necessitate a sustaining of the demurrer of Sutton, and as to him a reversal of the decree.

In case this be done, we desire to ask the court, in view of the misconceived principles of law upon which the case proceeded to a final determination, that the case may be remanded as to Nevin and Sutton, with leave to Nevin to file an amended bill, by which, if allowed to do, he will be able to show that the land sold under the Abatement Act was sold for an amount claimed to be due as taxes for the year 1874 by the collector making the sale, but which had not been levied either by the board of supervisors or the State. We do not mean to say that the county levied no taxes for the year 1874, for which the lands could be sold under the Abatement Act, but that the collector, in making the sale, expected more and sold for more than was levied, and for this reason the sale was void. 55 Miss. 26, 35, 36. 51 Miss. 782.

Again, the court will observe that the bill as amended was against Mrs. Leland and Sutton. As to the former, it was for the purpose of reforming a deed executed by her to Nevin, but which was deefctive. We have not the record before us, but our impression is she does not appeal. Her deed was intended to embrace other lands as well as those in controversy. The decree is good as between her and Nevin so far as it reforms her deed, and should be sustained to this extent at least. His right to reform as against her is not dependent upon the question of title, and is clearly established by the evidence.

We call the attention of the court to this feature of the case, that in the event of a reversal the rights of Nevin, as established by the decree reforming the deed, may be properly protected by the judgment this court may render.

OPINION.—CAMPBELL, C. J.:

As to the land described by the bill as acquired by the State, under the Abatement Act of March 1, 1875, and conveyed to the appellant, the bill does not show any defect in his title. Cochran v. Baker, Miss. opinion. And as to the other land, the same is

true, because the only grounds of alleged invalidity as to it that the taxes for which the sale in 1880 was made were excessive in amount, and that the assessment roll was not approved by the board of supervisors at the proper time. The first of these grounds is unavailing because the law required a tender of what was due (§ 42 of Acts of 1878, in relation to public revenue), and the bill does not show that it was made, and the second is not a valid objection, for the roll may have been approved by the board at another time, and must be presumed to have been under the allegations of the bill. Wolfe v. Murphy, Miss. opinion.

It is manifest from the record that the case was tried upon a different theory of the law by both parties, and as we dispose of the case on the demurrer, will remand it, so that application may be made by the complainant to the Chancery Court for leave to amend his bill, if he shall desire.

*Decree reversed,* the demurrers of Sutton and Thompson sustained, the bill dismissed as to Thompson, and causes remanded.